# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MONICA CONYERS,                                    Case No. 22-cv-

     Plaintiff,

                                            Hon:

vs.

CATHY M. GARRETT in her official capacity as
Wayne County Clerk.

                                          *Claim of unconstitutionality*

     Defendant.

_____ /

RICE LAW PLLC
PAMELA L CAMPBELL
23226 GRATIOT #303▪
EASTPOINTE, MI 48021
(1)855\PAMLAW2

## **VERIFIED COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF**

     NOW COMES Plaintiff, MONICA CONYERS by and through her attorneys, and
for her verified Complaint  for Declarative and Injunctive Relief against Cathy M.
Garrett, in her official capacity as Wayne County Clerk states as follows:

## **I. PARTIES, JURISDICTION, VENUE**

1.    That Plaintiff, Monica Conyers ("Conyers"), is a United States Citizen and
registered voter in the State of Michigan. Conyers has filed an Affidavit of Identity of
Filing along with her filing fee and was denied her constitutional right to be a candidate
for Wayne County Executive.  Conyers is a long- time resident of Detroit Michigan,
County of Wayne, State of Michigan and has consistently voted in past primary and
general elections.

2 That Defendant, Cathy M. Garrett ("Defendant County Clerk") is the duly elected Clerk for the County of Wayne. As the duly elected county clerk, Defendant County Clerk statutorily serves as the secretary for Defendant Wayne County Election Commission and is the filing official who receives certain affidavit of identities, nominating petitions and filings for certain offices. Defendant County Clerk also makes the determination as to whether a candidate is eligible to be placed on the electoral ballot. Defendant County Clerk determined that Conyers was ineligible to be placed on the ballot for Wayne County Executive. Defendant County Clerk conducts business located at: Coleman A. Young Municipal Center, 2 Woodward Ave, Room 502, Detroit, MI 48226.

3. That venue is proper in this Court because Conyers is a resident of the State of Michigan, and because Defendant is a state official who maintains an office in the State of Michigan. *See Bay County Democratic Party* v. *Land*, 340 F. Supp.2d 802 (E.D. Mich. 2004). This Court has personal jurisdiction over the Defendant because she is a public official of the State of Michigan and is a resident of Michigan. This Court is a proper venue for this civil action under 28 U.S.C. § 1391.

4. That this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Conyers claims arise under the United States Constitution. It is firmly established that this court has jurisdiction to hear claims "arising under the Constitution" and alleging unconstitutional practices taken under color of state law. *See* 28 U.S.C. §§ 1331, 1332, 1343 and 1367; 42 U.S.C. § 1983.

RICE LAW PLLC
PAMELA L. CAMPBELL
23265 GRATIOT #303
EASTPOINTE, MI 48021
1-865-PAM-LAW2

5.      That this Court also has jurisdiction to render and issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, et. seq. and Rule 65 of the Federal Rules of Civil Procedures.

## II. STANDING

6.      Conyers repeats, realleges, and incorporates, the foregoing allegations, as though fully set forth and stated herein.

7.      That standing involves two levels of inquiry: 1) whether the plaintiff has shown that a "case or controversy" exists, which can be shown by proving actual injury or injury in fact likely to be redressed by a favorable decision; and 2) whether the plaintiff is the proper proponent of the rights on which the action is based. *See Planned Parenthood Ass'n of Cincinnati, Inc*. v. *City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987).

8.      That Conyers has standing to bring this case against Defendant County Clerk as she is a registered voter and was issued a determination by the Defendant County Clerk that she was ineligible to be a candidate on the ballot for Wayne County Executive.

9.      That there is an actual case or controversy and actual injury.

## III.  GENERAL ALLEGATIONS AND STATEMENT OF FACTS

10.     Conyers repeats, realleges, and incorporates, the foregoing allegations, as though fully set forth and stated herein.

11.     That thirteen years ago, on or about June 26, 2009, Conyers pled guilty to conspiracy to commit bribery, and was sentenced on or about March 29, 2010.

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

12.     That subsequently, on or about December 18, 2010, which was well over a year

after Conyers agreed to a plea deal, the Michigan Legislature amended the Constitution

adding, Mich. Const. art. XI, § 8 ("Constitutional Amendment"),  which provided in

pertinent part:

> A person is ineligible for election or appointment to any state or local
> elective office of the state and ineligible to hold a position in public
> employment in this state that is policy-making or that has discretionary
> authority over public assets, if, within the immediately preceding 20 years,
> the person was convicted of a felony involving dishonesty, deceit, fraud, or a
> breach of the public trust and the conviction was related to the person's
> official capacity while the person was holding any elective office or position
> of employment in local, state, or federal government. This requirement is in
> addition to any other qualification required under the constitution or by law.

13.     That it is undisputed that the constitutional amendment also known by many as the

"Kwame Amendment" was purposed to add additional punishment to a specific elected

official, former Mayor Kwame Kilpatrick, who during his resignation speech vowed to

"make a comeback."

14.     That  notably, this constitutional amendment did not prohibit other individuals that

never held office but were convicted of the exact same crime or worse from their pursuit

of an elected or appointed position.

15.     That beyond the personal animus towards former Mayor Kwame Kilpatrick, this

amendment,  as well as any subsequent statutory enactments, fail to provide a mechanism

to monitor or track  any other persons or potential official, outside of a select handful of

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

4

high-profile public officers who were plastered all over the news media for public consumption, including Conyers. This is additional evidence of personal animus.

16.    That the evidence suggests that this constitutional amendment was arbitrarily birthed solely out of vindictiveness and not for any other purpose.

17.    That on or about April 19, 2022, and pursuant to Mich. Comp. Law.  §168.558, Conyers filed with the Defendant Wayne County Clerk her Affidavit of Identity and fee, to qualify as a candidate for Wayne County Executive.

18.    That despite this constitutional amendment being enacted *after* Conyers conviction and sentencing, on or about April 22, 2022, Miller Law by Melvin Hollowell Esq. (a former employee of Detroit's Law Department) and Angela Baldwin Esq., filed a Complaint attempting to disqualify Conyers based on the 2009 conviction.

19.    That after receipt of this challenge, on April 29, 2022, Conyers filed her response stating that she was neither elected nor appointed but was merely running for candidacy, so this constitutional amendment did not prohibit anyone from being placed on the ballot. Further, that the constitutional amendment does not apply to her as this would be a clear violation of both the Michigan and United States Constitutions' ex *post facto* law.

**(Exhibit 1)**

20.    That on May 13, 2022, at approximately 8:45 pm, Defendant County Clerk emailed a determination that "according to Article XI Sec. 8 of the Michigan Constitution, Ms. Conyers conviction in 2009 deems her ineligible for election the

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

preceding 20 years. Ineligible for election means ineligible to be placed on the ballot."

**(Exhibit 2 )**

21.     That as set forth below, Defendant County Clerk was aware that Conyers met the qualifications to be placed on the ballot, however, made the decision that "ineligible for election means ineligible to be placed on the ballot" which was outside of her authority and violated Conyers' constitutional rights.

22.     That Michigan Law neither expressly nor impliedly authorizes the County Clerk to make constitutional determinations.

23.     That once Conyers met all qualifications, it was Defendant County Clerk's duty to determine that Conyers was eligible to be placed on the ballot and any necessitated legal challenges should have been directed to the court for a real judicial determination.

### IV.   CAUSES OF ACTION
### COUNT I

### VIOLATION OF CONST. ART I, § 10 PROHIBITION AGAINST EX POST FACTO LAWS

24.     That Conyers repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

25.     That Conyers brings this claim  against Defendant County Clerk for declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, et. seq. and Rule 65 of the Federal Rules of Civil Procedures.

26.     That the United States Constitution, Article I, Section 9, Clause 3, provides that "No Bill of Attainder or ex post facto Law shall be passed."

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

27.     That "[t]he ex post facto prohibition forbids the Congress and the States to enact any law which ... imposes additional punishment to that then prescribed. *Weaver* v *Graham*, 450 U.S. 24, 28-29 (1981). (internal quotations and citations omitted)

28.     That the prohibitions on *ex post facto* laws assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning as well as prevent the government from imposing ***arbitrary and vindictive legislation***.  (emphasis added). *Weaver* v *Graham*, 450 U.S. 24, 28-29; 101 S Ct 960; 67 L Ed 2d 17 (1981).

29.     That a law need not impair a "vested right" to violate the *ex post facto* prohibition.  *Weaver* v *Graham*, 450 U.S. 24, 28-29 (1981).

30.     That even if a statute merely alters or amends a provision accorded by the grace of the legislature, it violates the clause if it is both retrospective and more onerous than the law in effect on the date of the offense. *Id* at 31.

31.     That this amendment as applied to Conyers is considered an *ex post facto* law because the retroactive application of this amendment, unconstitutionally increased the punishment already administered by the sentencing Judge.

32.     That at the time Conyers voluntarily resigned from office, pled guilty and was sentenced, she was not in jeopardy, nor did she give up the right to seek an elected office in the future.

33.     That although it is common for a plea agreement to include terms including a temporary restriction in seeking an elected position during probation, Conyers did not have such terms.

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

34.    That the irrefutable vindictive intent  of this constitutional amendment is hard to ignore as it purposefully reaches back 20 years to capture those elected or appointed officials, such as Conyers, that would not have been subjected to this newly formulated amendment at the time of their convictions.

35.    That the Michigan Legislature's intention was to impose a criminal punishment, therefore, retroactive application of the law violates the *ex post facto clause*.

36.    That even if the Michigan Legislature intended that this constitutional amendment be a "civil remedy" the statutory scheme is so punitive either in purpose or effect as to negate the states intention to deem it civil.

37.    That since the enactment of this constitutional amendment, other public officials who were charged with crimes, as provided in the constitutional amendment, would be afforded the opportunity to minimize the consequences by agreeing to, for example, a lesser charge such as a misdemeanor and avoid the consequences Conyers is now being subjected to.

38.    That Defendant's actions effectively prohibited Conyers from having her name placed on the upcoming ballot which is a brazen denial of access to the ballot and this violation immediately injures Conyers and will continue to injure Conyers in the future in the absence of relief from this court.

WHEREFORE, Plaintiff, Monica Conyers requests that this Honorable Court enter Judgment against Defendant County Clerk as follows:

RICE LAW PLLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

a.  Enter a declaration that the retroactive application of the constitutional amendment violates the *ex post facto clause* and should not apply to Conyers.

b.  Enter a temporary restraining order and/or preliminary injunction and permanent injunction, barring Defendant from denying Conyers access to the ballot and allowing her name to be placed on the August 2, 2022, primary ballot.

c.  An award of interest, costs and reasonable attorney fees under 42 U.S.C section 1988; and

d.  Any and all remedies this Honorable Court deems equitable and just.

## COUNT II
## FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION

39.    That Conyers repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

40.    That Conyers brings this claim against Defendant County Clerk for declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, et. seq. and Rule 65 of the Federal Rules of Civil Procedures.

41.    That the Fourteenth Amendment provides in pertinent part that the states will not deprive citizens of "life, liberty or property without due process of law."

42.    That "all men have certain inalienable rights--that among these are life, liberty, and the pursuit of happiness; and . . . in the pursuit of happiness all avocations, all honors, all positions, are alike open to everyone." *Cummings* v. *Mo*. 71 U.S. 277, 321-322  (1867).

RICE LAW PLLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

43.    That as provided above, Conyers filed with the Defendant Wayne County Clerk an Affidavit of Identity and fees qualifying her as a candidate for Wayne County Executive.

44.    That despite having information that the constitutional amendment would be a violation of Conyers constitutional rights, Defendant County Clerk without any analysis arbitrarily made the legal decision that the constitutional amendment applied to Conyers declaring her ineligible to be on the ballot without due process of law.

45.    That the Defendant County Clerk ignored her legal duty to render Conyers eligible to be placed on the ballot depriving her of the pursuit of the position of Wayne County Executive.

46.    Constitutional challenges cannot be resolved by any 'litmus paper test' that will separate valid from invalid restrictions.  "Instead, a court must resolve such a challenge by an analytical process that parallels its work in ordinary litigation." *See Anderson* v. *Celebresse*, 460 U.S. 780 (1983) (internal quotations and citations omitted)

47.    That the actions of Defendant County Clerk were, and continues to be, a violation of Conyers right to due process.

48.    That these violations immediately injure Conyers and will continue to injure Conyers in the future in the absence of relief from this court.

WHEREFORE, Plaintiff, Monica Conyers requests that this Honorable Court enter Judgment against Defendant County Clerk as follows:

RICE LAW P.LLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

a.  Enter a declaration that the Defendant Clerk violated Conyers due process rights by prohibiting her from being on the August 2, 2022, primary ballot.

b.  Enter a temporary restraining order and/or preliminary injunction and permanent injunction, barring Defendant from denying Conyers access to the ballot and allowing her name to be placed on the August 2, 2022, primary ballot.

c.  An award of interest, costs and reasonable attorney fees under 42 U.S.C section 1988; and

d.  Any and all remedies this Honorable Court deems equitable and just.

## COUNT III

## VIOLATION OF THE FOURTEENTH AMENDMENT EQUAL PROTECTION

49.    That Conyers repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

50.    That Conyers brings this claim against Defendant County Clerk for declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, et. seq. and Rule 65 of the Federal Rules of Civil Procedures.

51.    That as previously stated herein, the constitutional amendment was enacted months after Conyers pled guilty and was sentenced.

52.    That "the Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Willowbrook* v. *Olech*, 528 U.S. 562, 564 (2000).

RICE LAW PLLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

11

53. That by denying Conyers access to the ballot, she was intentionally treated differently than other similarly situated and there is no rational basis for the disparate treatment.

54. That former elected officials such as Conyers that were convicted of a felony involving dishonesty, deceit, fraud, or breach of the public office, are ineligible to be elected or appointed for 20 years in the State of Michigan. Whereas, a person convicted of the exact same crimes, despite the number of convictions and a higher chance of becoming a repeat offender, are not prohibited from seeking the same office nor do they have a waiting period.

55. That "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co*. v *Dakota County*, 260 U.S. 441, 445 (1923) (internal citations and quotations omitted).

56. That the requirement created by the constitutional amendment after Conyers' conviction disenfranchises her of her right to be considered for public service and disenfranchises the electors of Wayne County, the City of Detroit, and surrounding areas of their right to vote for her or any other person similarly situated as a candidate for nomination.

57. That there exists "a federal constitutional right to be considered for public service without the burden of invidiously discriminatory disqualifications," and a state may not

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

deny to some the privilege of holding public office that it extends to others based on distinctions that violate federal constitutional guarantees. *Bolanowski* v. *Raich*, 330 F. Supp. 724 (1971) (internal citations and quotations omitted).

58.     That there is an equal protection violation as the Defendant County Clerk's actions in rendering Conyers ineligible to be placed on the ballot was motivated solely by a spiteful effort to additionally punish her for crimes that she was previously punished for while determining other people convicted of the same or similar crimes eligible to be placed on the ballot.

WHEREFORE, Plaintiff, Monica Conyers requests that this Honorable Court enter Judgment against Defendant County Clerk as follows:

a.  Enter a declaration that this amendment violates Conyers Fourteenth Amendment Equal Protection rights.

b.  Enter a temporary restraining order and/or preliminary injunction and permanent injunction, barring Defendant from denying Conyers access to the ballot and allowing her name to be placed on the August 2, 2022, primary ballot.

c.  An award of interest, costs and reasonable attorney fees under 42 U.S.C section 1988; and

d. Any and all remedies this Honorable Court deems equitable and just.

RICE LAW PLLC
PAMELA L. CAMPBELL
23235 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

## COUNT IV
## VIOLATION OF THE FIRST AMENDMENT

59.     That Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

60.     That Conyers brings this claim against Defendant County Clerk for declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, et. seq. and Rule 65 of the Federal Rules of Civil Procedures.

61.     That equally manifest as a fundamental principle of a democratic society is political freedom of the individual.

62.     That running for public office is one of the means of political expression which is protected by the First Amendment.

63.     That the right to engage in political activity is implicit in the rights of association and free speech guaranteed by the amendment.

64.     That because this constitutional amendment restricts First Amendment rights, it does not have a strong presumption of validity as that which the court usually accords legislative judgment.

65.     That these mere legislative preferences or beliefs respecting matters of public convenience may well support regulation directed at other personal activities but be insufficient to justify diminishing the exercise of rights so vital to the maintenance of democratic institutions.

RICE LAW PLLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

66.    That the constitutional amendment at issue was enacted in response to the conviction of an African American politician elected by City of Detroit voters.

67.    That the year prior to this amendment, Conyers, an African American woman  who was also elected by City of Detroit voters, was convicted of conspiracy to commit bribery.

68.    That at the time this constitutional amendment was brought to all Michigan voters for approval, the African American community consisted of approximately 15% including voters and non-voter of the total population.

69.    That although this constitutional amendment was introduced in response to events and political figures in Detroit, which has the largest African American population in Michigan, it would have been statistically impossible for the African American voters within the Detroit community  to have any meaningful say in the passage or non-passage of this constitutional amendment which affected voting rights locally.

70.    That by passing this amendment, the State of Michigan as a whole comprising of 81% white people was able to decide for Detroiters, who are predominately African American and whom this constitutional amendment affected the most, could vote for in the future which was a violation of their First Amendment rights. Specifically, this was a violation of Conyers First Amendment rights.

71.    That the right to run for public office touches on two fundamental freedoms: freedom of individual expression and freedom of association. As such, this provision must withstand strict scrutiny. *Mancuso* v. *Taft*, 476 F.2d 187 (1973).

72.    That the individual's right to seek public office is inextricably intertwined with the public's fundamental right to vote.

73.    That these violations immediately injure Conyers and will continue to injure Conyers in the future in the absence of relief from this court.

**WHEREFORE**, Plaintiff, Monica Conyers requests that this Honorable Court enter Judgment as follows:

a.  Declaration that the constitutional amendment is a violation of First Amendment rights and is unconstitutional.

b.  Enter a temporary restraining order and/or preliminary injunction and permanent injunction, barring Defendant from denying Conyers access to the ballot and allowing her name to be placed on the August 2, 2022, primary ballot.

c.  An award of interest, costs and reasonable attorney fees under 42 U.S.C section 1988; and;

d.  Any and all remedies this Honorable Court deems equitable and just.

Respectfully submitted,
RICE LAW PLLC

By: /s/ Pamela L. Campbell
Pamela Campbell (P75243)
Attorney for Plaintiff
23205 Gratiot #303
Eastpointe, MI 48021
P: (855)-726-5292

## Verification

I, Monica Conyers, declares as follows:

1.      I am a Plaintiff in the present case and a citizen of the United States and resident of the County of Wayne, State of Michigan, City of Detroit. I am also a registered voter who has regularly participated in the primary and general elections.

2.      I have personal knowledge of myself, and the facts as set out in the foregoing Complaint for Declarative and Injunctive relief, and if called on to testify I would competently testify as to the matters stated herein.

3.      I verify under the penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself, and the facts in this complaint are true to the best of my knowledge.

Executed on _5/24/_____ 2022

Monica Conyers

RICE LAW PLLC
PAMELA L. CAMPBELL
22305 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF Serve system through Mi-File, which will send notification of such filing to all counsel of record. This document will also be served on the Defendant as soon as practicable.

**/s/Rhonda L. Jacobs-Sturges**
Rhonda L. Jacobs-Sturges

RICE LAW PLLC
PAMELA L CAMPBELL
23205 GRATIOT #303•
EASTPOINTE, MI 48021
(1(855)PAMLAW2