# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MONICA CONYERS,                                    Case No. 22-cv-

Plaintiff,

                                              Hon:

vs.

CATHY M. GARRETT in her official capacity as
Wayne County Clerk,

Defendant.                                         *Claim of unconstitutionality*

_____ /

RICE LAW PLLC
PAMELA L CAMPBELL
23226 GRATIOT #303▪
EASTPOINTE, MI 48021
(1|855|PAMLAW2

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

      Pursuant to Fed. R. Civ. P. 65(a), Plaintiff, Monica Conyers ("Conyers") moves for a temporary restraining order and or/preliminary injunction against Defendant, Cathy Garrett restraining her from denying Conyers the right to have her name appear on the August 2, 2022, primary ballot as candidate for Wayne County Executive.

      In support of her motion, Conyers submits the following Brief  and her verified complaint **(Exhibit 1)** confirming that Conyers is likely to succeed on the merits with respect to the unconstitutionality of prohibiting her from being on the August 2, 2022, primary ballot, and the unconstitutionality of Mich. Const. art. XI, § 8 ("Constitutional Amendment") on its face and as applied.

Absent the issuance of a temporary restraining order, Conyers will incur irreparable injury because the Defendant's actions threaten or impair Plaintiffs' constitutional right to due process, *ex post facto* prohibition,  the constitutional right to vote and seek an elected position.  Further, if her name does not appear on the August 2, 2022, primary election ballot, Conyers supporters will be deprived of a meaningful opportunity to vote for her which is also a First Amendment violation. There is no recourse if the ballots are printed, and the amendment is subsequently deemed unconstitutional on its face or as applied to Conyers.

The balance of equities tip in favor of Conyers because attempts to apply this constitutional amendment is a violation of Conyers constitutional rights which cannot serve as the basis for a compelling interest of the state.   Since Conyers asserts constitutional challenges no substantial harm to others can be said to inhere in its enjoinment.

This is an election-related matter that requires expedited consideration because it impacts the impending August 2, 2022, primary election for the office of Wayne County Executive. LR 1.2 provides "For good cause shown, for a particular matter, any judge of this Court may temporarily suspend the operation of the Rules."

Local Rule 7.1(a)(1) requires Plaintiff to ascertain whether this motion will be opposed. Because this motion was filed at the same time Conyers filed her complaint, no attorney for Defendant has entered an appearance. Nevertheless, counsel for Plaintiff  has sought concurrence in the relief sought in this motion by attempting to contact the Wayne

RICE LAW PLLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

County Corporation Counsel who on or about May 24, 2022, between the hours of 9:00-10:00am. The phone continued to ring without the ability to leave a voicemail message.

**CERTIFICATION:** I, Pamela Campbell, certify that this document complies with Local Rule 5.1(a), including: double-spaced; at least one-inch margins; consecutive page numbering; and type size of all text and footnotes is no smaller than 14-point font. I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

RICE LAW PLLC

By: /s/ Pamela L. Campbell
Pamela Campbell (P75243)
Attorney for Plaintiff
23205 Gratiot #303
Eastpointe, MI 48021
P: (855)-726-5292

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................ii,iii

STATEMENT OF MOST CONTROLLING AUTHORITY.........................................iv,v

TABLE OF AUTHORITIES..................................................................................vi,vii

STATEMENT OF FACTS....................................................................................1,2,3

LEGAL STANDARD............................................................................................3,4

LAW AND ARGUEMNT.......................................................................................4

     I.      Conyers will likely succeed on the merits

           a. Fourteenth Amendment Due Process violation Claim............................4,5
           b. *Ex Post Facto* Claim.................................................................5,6,7,8,9
           c. First Amendment violation claim.........................................................9,10,
           d. Fourteenth Amendment Equal Protection claim..................................11,12

     II.     Conyers Will Suffer Immediate and Irreparable Harm in the Absence of
            Relief.............................................................................................12,13

     III.    There is no substantial harm to others.......................................................13,14

     IV.    An Injunction is in the public interest...........................................................14

CONCLUSION..................................................................................................14,15

RICE LAW PLLC
PAMELA L.CAMPBELL
23205 GRATIOT #303•
EASTPOINTE, MI 48021
(1(855)PAMLAW2

## **STATEMENT OF ISSUES PRESENTED**

1.   Whether Plaintiff is likely to succeed on the merits.

    a.  Whether Defendant County Clerks decision rendering Monica Conyers ineligible to be placed on the ballot for Wayne County Executive prior to any judicial legal analysis of Mich. Const. art. XI, § 8 as applied to Monica Conyers violated her Fourteenth Amendment Due Process Rights.

**Plaintiff answers: "yes"**

    b.  Whether Mich. Const. art. XI, § 8 is unconstitutional as applied to Monica Conyers which prohibits *ex post facto* laws, considering Conyers conviction and sentencing being prior to the enactment of Mich. Const. art. XI, § 8.

**Plaintiff answers: "yes"**

    c.  Whether Mich. Const. art. XI, § 8 on its face and as applied violates the First Amendment of the United States Constitution freedom to seek public office and the publics fundamental right to vote.

**Plaintiff answers: "yes"**

    d.   Whether Mich. Const. art. XI, § 8 as applied violates the Fourteenth Amendment Equal Protection Clause where Monica Conyers must wait 20 years to run for an elected office while other similarly charged convicted felons do not have to wait any length of time.

**Plaintiff answers: "yes"**

2.   Whether Monica Conyers is likely to suffer irreparable harm in the absence of this Court's issuance of a temporary restraining order prohibiting the Defendant, Cathy Garrett, Wayne County Clerk from declaring Monica Conyers ineligible for Wayne

RICE LAW PLLC
PAMELA L CAMPBELL
23235 GRATIOT #303A
EASTPOINTE, MI 48021
(1)855)PAMLAW2

County Executive and from excluding Monica Conyers from the upcoming August 2, 2022, primary ballot.

 **Plaintiff answer: "yes"**

3.      Whether granting the temporary restraining order and/or preliminary injunction will cause harm to others.

**Plaintiff answers: "no"**

4.      Whether a temporary restraining order is in the public interest.

**Plaintiff answers: "yes"**

## STATEMENT OF MOST CONTROLLING AUTHORITY

In support of Plaintiff, Monica Conyers position that temporary/permanent injunctive relief is the appropriate remedy, she relies on the following authorities:

Fed. R. Civ. P. 65(a), *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v Blackwell*, 467 F.3d 999, 1099 (6th Cir. 2006) and *United Food & Commer. Workers Union, Local 1099* v. *Southwest Ohio Reg'l Transit Auth*., 163 F.3d 341, 348 (6th Cir. 1998) (internal quotation marks omitted).

In support of Monica Conyers claims that she will likely succeed on the merits pursuant to the following Constitutional provisions and Case law:

U.S. Const. art I § 9, cl. 3; U.S. Const. amend. I; U.S. Const amend. XIV; *Anderson* v. *Celebresse*, 460 U.S. 780, 789 (1983);  *Peugh* v. *United States*, 569 U.S. 530, 531 (2013) (internal quotation marks omitted); *Weaver* v. *Graham*, 450 U.S. 24, 28-29 (1981); *Elrod* v. *Burns*, 427 U.S. 347, 362 (1976); *Kennedy* v *Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963);  *NAACP* v. *Alabama*, 357 U.S., 449, 460-461 (1958); *Willowbrook* v. *Olech*, 528 U.S. 562, 564 (2000).

In support that Monica Conyers will suffer immediate and irreparable harm in the absence of relief, she relies on:  *Elrod* v. *Burns*, 427 U.S. 347, 373-74 (1976); *ACLU of KY* v. *McCreary County, Kentucky*, 354 F.3d 438, 445 (6th Cir. 2003).

In support of Monica Conyers claims that there is no substantial harm to others she relies on: *Deja Vu of Nashville, Inc*. v. *Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001) (citing *Connection Distrib. Co*. v. *Reno*, 154 F.3d 281, 288 (6th Cir. 1998))

RICE LAW PLLC
PAMELA L.CAMPBELL
23226 GRATIOT #300•
EASTPOINTE, MI 48021
(1)855/PAMLAW2

iv.

In support of Monica Conyers claim that the Injunction is in the public's interest she relies on:   *Illinois* v. *State Bd. Of Elections* v. *Socialist Workers Party*, 440 U.S. 173, 184(1979); *Miller* v. B*lackwell*, 348 F. Supp. 2d 916, 922 (2004).

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

v.

# TABLE OF AUTHORITIES

**CASES**

*ACLU of KY* v. *McCreary County, Kentucky*, 354 F.3d 438, 445 (6th Cir. 2003)............12

*Anderson* v. *Celebresse*, 460 U.S. 780, 789 (1983)..............................................................4

*Connection Distrib. Co.* v. *Reno*, 154 F.3d 281, 288 (6th Cir. 1998)................................13

*Counvil of Alternative Political Parties* v *Hooks*,
121 F.3d 876, 883 (3d Cir. 1997)...................................................................................12,13

*Cummings* v. Mo., 71 U.S. 277, 321 (1867)..........................................................................4

*Deja Vu of Nashville, Inc.* v. *Metro. Gov't of Nashville*,
274 F.3d 377, 400 (6th Cir. 2001)........................................................................................13

*Elrod* v. *Burns*, 427 U.S. 347, 362 (1976).......................................................................9,12

*Graveline* v. *Johnson,* 336 F. Supp. 3d 801, 807 (E.D. Mich 2018)...................................4

*Illinois* v. *State Bd. Of Elections* v. *Socialist Workers Party*,
440 U.S. 173, 184 (1979)......................................................................................................14

*Kennedy* v *Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963)......................................7,8

*Mich. Coal. of Radioactive Material Users, Inc.* v. *Griepentrog,* 945 F.2d 150, 153 (6th
Cir. 1991).................................................................................................................................3

*Miller* v. B*lackwell*, 348 F. Supp. 2d 916, 922 (2004).......................................................14

*NAACP* v. *Alabama*, 357 U.S., 449, 460-461 (1958)..........................................................9

*Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local* 1199 v *Blackwell*, 467
F.3d 999, 1099 (6th Cir. 2006)...............................................................................................3

*Overstreet* v. *Lexington-Fayette Urban County Gov't*,
305 F.3d 566, 578 (6th Cir. 2002).......................................................................................12

*Peugh* v. *United States*, 569 U.S. 530, 531 (2013)...............................................................5

*Trop* v *Dulles*, 356 U.S. 86, 96; 78 S Ct 590; 2 L Ed 2d 630 (1958)..............................6,7

RICE LAW PLLC
PAMELA L CAMPBELL
23205 GRATIOT #303•
EASTPOINTE, MI 48021
(1(855/PAMLAW2

*United Food & Commer. Workers Union, Local 1099* v. *Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998)..............................................................4

*Uniroyal Goodrich Tire Co*. v. *Hudson*, 856 F. Supp. 348, 356 (E.D. Mich. 1994)...........12

*Weaver* v. *Graham*, 450 U.S. 24, 28-29 (1981)................................................................5,6

*Williams* v. *Rhodes*, 393 U.S., 23, 31-33......................................................................9

*Willowbrook* v. *Olech*, 528 U.S. 562, 564 (2000)...........................................................11

## U.S. CONSTITUTION

U.S. Const. art I § 9, cl. 3.............................................................................................5
U.S. Const. amend. I....................................................................................................9
U.S. Const amend. XIV.............................................................................................4,11

## FEDERAL COURT RULES
Fed. R. Civ. P. 65(a)....................................................................................................3

## STATE AUTHORITY

Mich. Const. art. XI, § 8...........................................................................................2,3
Mich. Comp. Law.  §168.558....................................................................................5

RICE LAW PLLC
PAMELA L. CAMPBELL
23235 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MONICA CONYERS,                                    Case No. 22-

Plaintiff,

                                          Hon:

vs.

CATHY M. GARRETT in her official capacity as
Wayne County Clerk,

Defendant.                                         *Claim of unconstitutionality*

_____ /

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

    Plaintiff, Monica Conyers ("Conyers") respectfully submits this brief in support of her motion for temporary restraining order and/or preliminary injunction.

## I. STATEMENT OF FACTS

    On April 19, 2022, Conyers filed with the Defendant Wayne County Clerk, Cathy Garrett ("Defendant County Clerk") her affidavit of identity and fee, to qualify as a candidate for Wayne County Executive.  After submission, Conyers set up her Candidate committee, registered the committee "Monica for Wayne County" and set up a bank account.

RICE LAW PLLC
PAMELA L. CAMPBELL
23226 GRATIOT #303•
EASTPOINTE, MI 48021
(1)855)PAMLAW2

After filing, Conyers received two separate challenges to her candidacy. The challenges claimed that Conyers did not qualify to be on the ballot based on her June 26, 2009 guilty plea in Federal Court for conspiracy to commit bribery. Both challenges cited Mich. Const. art. XI, § 8 ("Constitutional Amendment"), which was enacted on December 18, 2010, well after Conyers guilty plea and sentencing. The statutory provision provides in pertinent part:

> A person is ineligible for election or appointment to any state or local elective office of the state and ineligible to hold a position in public employment in this state that is policy-making or that has discretionary authority over public assets, if, within the immediately preceding 20 years, the person was convicted of a felony involving dishonesty, deceit, fraud, or a breach of the public trust and the convicted was related to the person's official capacity while the person was holding any elective office or position of employment in local, state, or federal government. This requirement is in addition to any other qualification required under the constitution or by law.

On April 29, 2022, Conyers responded to the challenges, providing in pertinent part:

> Until an election is completed, and a winner announced, Mrs. Conyers is merely a candidate for office. So even if arguendo this constitutional amendment did preclude her from being an elected official, it does not prevent her eligibility to be placed on the ballot. The attempts to disqualify her based on the assumption that her prior conviction renders her constitutionally ineligible to hold the aforementioned position is premature and constitutes a substantive constitutional challenge.
>
> . . .
>
> . . . it is Mrs. Conyers' position that any attempts to apply this constitutional provision as amended to her is a violation of both the Michigan and United States Constitutions prohibiting *ex post facto* laws. **(Exhibit 2)**

On May 13, 2022, an email was sent to Conyers and her counsel providing that:

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

2

After reviewing the filed challenge, the response provided by Ms. Conyers, and under the advice of counsel, I have determined that according to Article XI, Sec. 8 of the Michigan Constitution, Ms. Conyers conviction in 2009 deems her ineligible for election the preceding 20 years, ineligible for election means ineligible to be placed on the ballot.

The challenge filed is upheld, and Ms. Monica Conyers is not eligible for the Office of Wayne County Executive due to the circumstances stated above. **(Exhibit 3)**

Defendant Wayne County Clerk, among other things, made the decision to disregard Conyers constitutional challenges opining that the constitutional amendment applied and that she would be ineligible to have her name on the August 2, 2022, ballot.  The enforcement of Defendant County Clerk's decision effectively prevents Conyers from getting her name on the ballot and running for an elective office.

## II.    LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures govern motions for temporary restraining order ("TRO") and preliminary injunctions. The court considers several factors to determine whether to issue a TRO. Those factors are "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local* 1199 v *Blackwell*, 467 F.3d 999, 1099 (6th Cir. 2006). "These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc*. v. *Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991). "In

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

First Amendment cases, the crucial inquiry is usually whether the plaintiff had demonstrated a likelihood on the merits [since] the issue of the public interest and harm to the respective parties largely depends on the constitutionality of the state action." *Graveline* v. *Johnson,* 336 F. Supp. 3d 801, 807 (E.D. Mich 2018) (internal citations omitted). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits," *United Food & Commer. Workers Union, Local 1099* v. *Southwest Ohio Reg'l Transit Auth*., 163 F.3d 341, 348 (6th Cir. 1998) (internal quotation marks omitted).

## III. LAW AND ARGUMENT

### 1. CONYERS WILL LIKELY SUCCEED ON THE CLAIMS

**a. Fourteenth Amendment Due Process Violation Claim**

The Due process Clause of the Fourteenth Amendment to the United States Constitution forbids the government from depriving a person of life, liberty and property without due process of law.  "... [A]ll avocations, all honors, all positions, are alike open to everyone*.  Cummings* v. Mo., 71 U.S. 277, 321-322 (1867).  Constitutional challenges cannot be resolved by any 'litmus paper test' that will separate valid from invalid restrictions.  "Instead, a court must resolve such a challenge by an analytical process that parallels its work in ordinary litigation."  *See Anderson* v. *Celebresse*, 460 U.S. 780, 789 (1983) (internal quotation marks omitted). The Supreme Court has said "[t]he impact of candidate eligibility requirements on voters implicates basic constitutional rights." *Anderson*, 460 U.S. at 786.

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

4

Pursuant to Mich. Comp. Law. §168.558, Conyers filed with the Defendant Wayne County Clerk, Cathy M. Garrett's office, her affidavit of identity and fee, qualifying her as a candidate for Wayne County Executive. After Conyers candidacy submission, two challenges were filed questioning Conyers ability to seek this position. In response, Conyers raised several issues including the authority of Defendant County Clerk to deny her access to the ballot and the unconstitutional application of the constitutional amendment facially and as applied. This was not a mere allegation of questionable signatures, residency or campaign finance compliance which could easily be proven. Conyers position questioned the constitutionality of applying this constitutional amendment to her personally. Therefore, Defendant County Clerks decision to render Conyers ineligible after applying its own hasty constitutional analysis was improper. It is likely that Conyers will prevail on this issue.

**b.** *Ex Post Facto* **Claim**

The United States Constitution, Article I, Section 9, Clause 3, provides that "No Bill of Attainder or ex post facto Law shall be passed." "The Constitution forbids the passage of *ex post facto* laws which includes every law that changes the punishment, then the law annexed to the crime when committed." *Peugh* v. *United States*, 569 U.S. 530, 531 (2013) (internal quotation marks omitted). The prohibitions on *ex post facto* laws assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning as well as prevent the government from imposing arbitrary and vindictive legislation. *Weaver* v. *Graham*, 450 U.S. 24, 28-29 (1981).

In harmony with the purposes previously stated, two critical elements must be present for a law to be considered *ex post facto*: (1) the law is retrospective, i.e., whether it applies to events that occurred before its enactment, and (2) the law disadvantages the offender. *Id*. at 29 (citations omitted).  A law need not impair a "vested right" to violate the *ex post* facto prohibition.  *Id*.

Here, there is no doubt that the amended constitution is retrospective and as applied is to Conyers detriment.   Conyers' conviction and sentencing was handed down months prior to the adoption of this amendment.  As shown by the Defendant County Clerk's refusal to place Conyers on the upcoming ballot, this constitutional amendment as applied is to her detriment.

Further, in considering whether a law violates the *ex post facto* prohibition, it must first be determined if the Legislature intended the constitutional amendment as a criminal punishment or a civil remedy  Here, it is undisputed that the sole intent of the Legislature amending the Michigan Constitution was to punish a specific public official who at the time was facing criminal charges and vowed "to make a comeback."    In considering whether a law is a criminal punishment, a court "generally bases its determination on [its] purpose." *Trop* v *Dulles*, 356 U.S. 86, 96; 78 S Ct 590; 2 L Ed 2d 630 (1958). "If the statute imposes a disability for the purposes of punishment—that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal." *Id*. (internal quotation marks omitted). The Court has recognized that any statute decreeing some adversity as a consequence of certain conduct may have both a penal and a nonpenal effect. The

RICE LAW PLLC
PAMELA L. CAMPBELL
23205 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

6

controlling nature of such statutes normally depends on the evident purpose of the legislature." *Id*

Application of the *Kennedy* v *Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963) further proves the putative nature of this constitutional amendment. The factors are "neither exhaustive nor dispositive . . . but useful guideposts." *Id*. (citations and quotation marks omitted). *Mendoza-Martinez,* 372 U.S. at 168-169. Briefly, the following factors are in Conyers favor:

- ***Whether the sanction involves disability or restraint***. This is a clear restraint on running for an elected office and voting for the person that most aligns with your beliefs.

- ***Whether it has historically been regarded as punishment***: It resembles probationary terms. The state and federal government have routinely used the relinquishment of an elected official's current seat and forfeiting future rights to office in exchange for a lesser punishment. In fact, when Conyers voluntarily resigned from office upon conviction, the court considered this resignation "in her favor" when weighing her ultimate punishment.

- ***whether its operation will promote the traditional aims of punishment— retribution and deterrence:*** As provided above, restricting a person ability to run for an elected office has historically been a form of punishment. It also supports the aim of retribution. This amendment was imposed on offenders for the sole fact

RICE LAW PLLC
PAMELA L. CAMPBELL
23235 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

7

of their prior offenses and made no individualized determination. There is a serious argument that the ulterior purpose is to revisit past crimes, not to prevent future crimes, as Conyers was held as unlikely to reoffend again. Because the restrictions appear retributive, it promotes the traditional aims of punishment.

- ***whether it appears excessive in relation to the alternative purpose assigned***: The dangerousness of Conyers and other similarly situated former elected officials reoffending was overblown and was not based on any statistics. The duration of 20 years was solely based on punishing a specific person and not the probability that a former elected official will reoffend.

Considering the *Mendoza-Martinez* factors, cumulatively, the 2010 constitutional amendment's aggregated punitive effects would negate any of the State's intention to deem it a civil regulation.

Conyers argues that the constitutional amendment is invalid because it applies to conduct that occurred before it was passed, increases the penalties or disabilities exacted by such conduct and is punitive.  There is objective evidence including that the state of Michigan has nicknamed this constitutional amendment "the Kwame Amendment" which bolsters the argument related to its putative intent.  Another indicator is that this constitutional amendment reaches back to the ***preceding*** 20 years, to punish those persons that would have otherwise escaped the consequence of this amendment.  Conyers was not afforded the opportunity to factor in the punishment of ineligibility to run for future elected positions for 20 years when agreeing to her plea deal. Conyers was  not

8

convicted in state court, nevertheless this constitutional amendment attempts to enhance a federal punishment after sentencing which oversteps the states authority and is unconstitutional. Notably, this constitutional amendment if applied to Conyers would also conflict with Michigan's own Constitutions *ex post facto* prohibition.

A twenty- year waiting period for only a specific group of convicted people have nothing to do with whether a person is qualified for an elected office. Application of this constitutional amendment to Conyers is punitive in nature, unconstitutional as applied and she is likely to prevail on this issue.

**c. Plaintiff is likely to prevail on her First Amendment violation claim**

"It is firmly established that a significant impairment of First Amendment rights must survive exacting scrutiny. *Elrod* v. *Burns*, 427 U.S. 347, 362 (1976). (citations omitted) *See also*, *NAACP* v. *Alabama*, 357 U.S., 449, 460-461 (1958). "This type of scrutiny is necessary even if any deterrent effect on the exercise of First Amendment rights arises, not through direct government action, but indirectly as an unintended but inevitable result of the government's conduct…." *Elrod* at 362. (citations and quotations omitted). Thus encroachment "cannot be justified upon a mere showing of a legitimate state interest." *Id.* (citations and quotations omitted) The interest advanced must be paramount, one of vital importance, and the burden is on the government to show the existence of such an interest. *Id.* (citations and quotations omitted). *See also Williams* v. *Rhodes*, 393 U.S., 23, 31-33. The individual's right to seek public office is inextricably intertwined with the public's fundamental right to vote.

9

The constitutional amendment at issue was enacted in response to the legal challenges of former City of Detroit Mayor Kwame Kilpatrick. A year prior to the constitutional Amendment, Conyers, who was also an African American elected by the City of Detroit voters was also convicted.    Notably, at the time this constitutional amendment was brought to all Michigan voters for approval,  African Americans represented approximately 15.2% of the  total population[1].  It is known that Detroit is a majority African American city. Specifically, according to the 2010 census[2], there were approximately 77% black or African Americans in the City of Detroit.   However, statistically, the Detroiters who this constitutional amendment would affect the most at the time, could have no meaningful say in the passage of this constitutional amendment that would restrict their voting rights.  The State of Michigan as a whole,  comprising of 81% white people were able to decide who  Detroiters, a predominately African American/black populated city could vote for in the future.

Ultimately, this constitutional amendment restricts voters including Conyers from voting  for these former elected officials in their own communities which is a violation of their fundamental rights.  The Court's intervention is needed in this case, as registered voters, who have expressed their support for Conyers are now prohibited from voting for whom they choose. Conyers is likely to prevail on her first amendment violation claim.

---

[1] https://www.ncsl.org/documents/redistricting/michigan_census_data_2010.pdf
[2] https://www.census.gov/quickfacts/fact/table/detroitcitymichigan#

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

**d. Plaintiff is likely to prevail on her Fourteenth Amendment Equal Protection Claims**

The "Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Willowbrook* v. *Olech*, 528 U.S. 562, 564 (2000).

Like the First Amendment violation, the constitutional amendment at issue, prevents Conyers as a former elected official who was convicted of conspiracy to commit bribery, from seeking an elected or appointed position for twenty (20) years. However, a person who is convicted of the exact same crime does not have a waiting period. There is no rational basis for the State of Michigan to make a former politician wait twenty (20) years before becoming eligible for office. Specific to Conyers, the sentencing court recognized that Conyers was a first-time offender and unlikely to ever engage in criminal conduct again. Nevertheless, the constitutional amendment allows a person that was not in office but convicted of the same crimes including those with multiple convictions, recently released  to be elected or appointed with <u>no waiting period</u>.

The disparate treatment widens when considering that this constitutional amendment in all practicality, will only be applied to known politicians covered in the media. In otherwards, there is no way the public can track any other unknown former "employees" who were convicted while in office to be challenged like Conyers. Nor were

RICE LAW PLLC
PAMELA L. CAMPBELL
23236 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

11

there any subsequent legislation to execute this amendment. Conyers should prevail on this claim.

## 2. CONYERS WILL SUFFER IMMEDIATE AND IRREPARABLE HARM IN THE ABSENCE OF RELEIF

An injury is irreparable if it is not fully compensable in monetary terms. *See*, e.g., *Uniroyal Goodrich Tire Co*. v. *Hudson*, 856 F. Supp. 348, 356 (E.D. Mich. 1994).  It is well-settled that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod* v. *Burns*, 427 U.S. 347, 373-74 (1976). "Restrictions on access to the ballot impinge on the fundamental right to associate for the advancement of political beliefs and the fundamental right to vote." *Elrod* v *Burns*, 427 U.S. 347, 373-74 (1976).

Because the Defendant's challenged actions threaten or impair Plaintiff's constitutional right to due process and constitutional right to vote, the Court must find that Plaintiff will suffer an irreparable injury if the temporary restraining order does not issue. *See ACLU of KY* v. *McCreary County, Kentucky*, 354 F.3d 438, 445 (6th Cir. 2003) (citing *Elrod* v. *Burns*, 427 U.S. 347, 373, 49 L. Ed. 2d 547, 96 S. Ct. 2673 (1976) (affirming district court's grant of preliminary judgment for plaintiffs who alleged violation of their First Amendment rights)); *see also Overstreet* v. *Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("courts have also held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights.") *See also Counvil*

RICE LAW PLLC
PAMELA L. CAMPBELL
23206 GRATIOT #303
EASTPOINTE, MI 48021
1-865-PAM-LAW2

12

*of Alternative Political Parties* v *Hooks*, 121 F.3d 876, 883 (3d Cir. 1997)(reversing denial of preliminary injunction in challenge to constitutionality of state statute governing filing of nominating petitions by candidates seeking placement on general election ballot, because "[i]f the plaintiffs lack an adequate opportunity to gain placement on the ballot in this year's election, this infringement on their rights cannot be alleviated after the election.")

By preventing Conyers from being on the ballot there are two fundamental freedoms being violated:  freedom of individual expression and freedom of association. The August 2, 2022 primaries is fast approaching. Associational rights are burdened by the inability to nominate, support, and vote for candidates who represent a person's beliefs. If Conyers lacks an adequate opportunity to gain placement on the ballot in this year's election, this infringement on their rights cannot be alleviated after the election. As such, this factor of the inquiry weighs in favor of granting Plaintiff's Motion for a Temporary Restraining Order.

### 3. THERE IS NO SUBSTANTIAL HARM TO OTHERS

Because Plaintiff has shown a substantial likelihood of success on the merits on the ground that the Defendants' challenged actions are unconstitutional, "no substantial harm to others can be said to inhere in its enjoinment."  *See Deja Vu of Nashville, Inc.* v. *Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001) (citing *Connection Distrib. Co.* v. *Reno*, 154 F.3d 281, 288 (6th Cir. 1998)). Further, placing Conyers on the ballot

RICE LAW PLLC
PAMELA L. CAMPBELL
23265 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

does not harm the State in any way. Thus, this factor of the inquiry weighs in favor of granting Plaintiff's Motion for a Temporary Restraining Order.

### 4. AN INJUNCTION IS IN THE PUBLIC INTEREST

The Supreme Court has noted that "by limiting the choices available to voters, the State impairs the voters' ability to express political preferences." *Illinois* v. *State Bd. Of Elections* v. *Socialist Workers Party*, 440 U.S. 173, 184(1979). Ensuring that Conyers name is on the ballot expands the choices available to voters and is thus in the public interest. "The United States Supreme Court has continuously reiterated that "voting is of the most fundamental significance under our constitutional structure." *Id*. There is also a strong public interest in ensuring that future potential candidates similarly situated as Conyers will not be denied access to the ballot.

It is always in the public interest to prevent violation of a person's constitutional rights.  *Miller* v. B*lackwell*, 348 F. Supp. 2d 916, 922 (2004) (citations omitted). Thus, the public interest factor of the inquiry also weighs in favor of granting Conyers Motion for a Temporary Restraining Order.  Defendant is attempting to enforce an unconstitutional law, which cannot serve as the basis for a compelling interest of the state. Neither the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law.

### IV. CONCLUSION

WHEREFORE, Plaintiff Monica Conyers respectfully requests that this Court enter a temporary order and/or preliminary injunction against Defendant, Cathy Garrett,

RICE LAW PLLC
PAMELA L. CAMPBELL
23235 GRATIOT #303
EASTPOINTE, MI 48021
1-855-PAM-LAW2

that will restrain her from denying Monica Conyers the right to have her name appear on the ballot as candidate for Wayne County Executive.

Respectfully submitted,

RICE LAW PLLC

By: /s/ Pamela L. Campbell
Pamela Campbell (P75243)
Attorney for Plaintiff
23205 Gratiot #303
Eastpointe, MI 48021
P: (855)-726-5292

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 26, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF Serve system through Mi-File, which will send notification of such filing to all counsel of record. This document will also be served on the Defendant as soon as practicable.

<u>     **/s/Rhonda L. Jacobs-Sturges**        </u>
Rhonda L. Jacobs-Sturges

RICE LAW PLLC
PAMELA L CAMPBELL
23206 GRATIOT #303▪
EASTPOINTE, MI 48021
(1(855)PAMLAW2