UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA CONYERS,

     Plaintiff,

                                 Case No. 2:22-cv-11152

v

                                 HON. SEAN F. COX

CATHY M. GARRETT in her official
capacity as Wayne County Clerk,

     Defendant.
_____/
Pamela Campbell (P75243)
Attorney for Plaintiff
23205 Gratiot, #303
Eastpointe, Michigan 48021
855.726.5292

Ann M. Sherman (P67762)
Bryan W. Beach (P69681)
Assistant Attorneys General
Attorney for Attorney General Nessel
P.O. Box 30212
Lansing, Michigan 48909
517.335.7659
shermana@michigan.gov
_____/

## ATTORNEY GENERAL DANA NESSEL'S MOTION TO INTERVENE

NOW COMES Michigan Attorney General Dana Nessel, by her

attorneys, and in support of her motion to intervene states as follows:

1.      On May 26, 2022, Plaintiff Monica Conyers filed a complaint for declaratory relief against Cathy M. Garret, in her official capacity as Wayne County Clerk and as the official who receives certain affidavits of identities, nominating petitions, and filings for certain offices, and makes the determination whether a candidate is eligible to be placed on the electoral ballot.  (Compl, ¶ 2.)

2.      On the same day, Plaintiff filed a motion for a temporary restraining order and/or a preliminary injunction.

3.      Plaintiff challenges the constitutionality of an amendment to Michigan's Constitution, article XI, § 8, which makes a person who within the immediately preceding 20 years has been convicted of a felony involving dishonesty, deceit, fraud, or a breach of the public trust, ineligible for election or appointment to public office, if the conviction was related to the person's official capacity while holding elective office or in government employment.

3.      More specifically, Plaintiff alleges a violation of article I, § 10 of the Michigan Constitution and article I, § 9, clause 3 of the U.S. Constitution, both of which prohibit ex post facto laws.  She claims that article XI, § 8 as applied to her, is an ex post facto law because its

retroactive application to her increased the punishment already administered to her by her sentencing judge prior to the effective date of the Amendment (Count 1) (Compl., ¶ 31); that the challenged amendment constitutes a procedural due process violation because Garrett "arbitrarily made the legal decision that the constitutional amendment applied to Conyers" and declared her to be ineligible to be on the ballot "without due process of law."  (Count II) (Compl., ¶ 44); that the  challenged amendment violates the Equal Protection Clause because it causes a former elected official to be ineligible or be subjected to a waiting period but not a person who is not a former elected official but is convicted of the same crimes (Count III) (Compl., ¶ 54); and that the challenged amendment violates the First Amendment, both its right to free expression and its right to association, because white voters were able to decide for Detroiters, who are predominantly African American, who they could vote for in the future (Count IV) (Compl., ¶¶ 70–71.)

4.     At a status conference on May 21, 2022 regarding the request for preliminary injunction, the parties agreed to "**immediately contact** the Attorney General's office and advise her of the constitutional

challenge in this case, as the Attorney General may wish to intervene in this case." **(ECF 7, 5/21/2022 Order, PageID.170.)**

5.    Because of the importance of this issue, and because a Michigan constitutional amendment is challenged, Attorney General Nessel seeks leave to intervene for purposes of defending the constitutionality of state constitutional law.

6.    Under Federal Rule of Civil Procedure 24, intervention may be granted as of right or by permission in the court's discretion. The Attorney General, as the state's chief law enforcement officer, has a duty to ensure that the laws of the State of Michigan are followed, and a duty to defend those laws, when those laws are valid and constitutional. Mich. Const. 1963, art. V, §§ 3, 21; Mich. Comp. Laws § 14.28.

7.    Concomitant with those duties is the Attorney General's right under Michigan law to intervene in any matter to protect state interests. See Mich. Comp. Laws § 14.101.  See also *Attorney General v. Public Service Comm,* 625 N.W.2d 16 (Mich. Ct. App. 2000).

8.     The Attorney General thus has a substantial legal interest in this matter relating to her duty to defend the constitutionality of the challenged law on behalf of the State of Michigan.

9.     The United States Court of Appeals for the Sixth Circuit recognized in *Associated Builders & Contrs, Saginaw Valley Area Chapter v. Perry* that the Attorney General has broad authority to intervene in matters affecting the public's interests, and that she should only be prohibited from doing so when it would prove inimical to the public interest. 115 F.3d 386, 390 (6th Cir. 1997).

10.    Here, the State's interests will not be adequately represented in the event no appeal is taken or the scope of the appeal does not include all appealable issues.

11.    The Attorney General should thus be allowed to intervene as a matter of right in this case under Rule 24(a) to ensure that the State's interests are adequately presented via a full defense of the challenged statutes.

12.    Alternatively, the Attorney General should be permitted to intervene under Rule 24(b) to protect the interests of the citizens of Michigan.

5

13.    Under LR 7.1(a), Attorney General Nessel sought concurrence in the motion to intervene. The parties did not concur in the motion, necessitating this filing.

WHEREFORE, for the reasons set forth above and in the accompanying brief, Attorney General Dana Nessel requests that this Court grant her Motion to Intervene pursuant to Fed. R. Civ. P. 24.  It is also requested that due to her late entry into the matter and recognizing time constraints, the Attorney General be permitted to file a brief in opposition no later than June 2, 2022 at 9:00 a.m.

Respectfully submitted,

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for
P.O. Box 30212
Lansing, Michigan 48909
517.335.7659

Dated:  June 1, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA CONYERS,

     Plaintiff,

                                  Case No. 2:22-cv-11152

v

                                    HON. SEAN F. COX

CATHY M. GARRETT in her official
capacity as Wayne County Clerk,

     Defendant.
_____/
Pamela Campbell (P75243)
Attorney for Plaintiff
23205 Gratiot, #303
Eastpointe, Michigan 48021
855.726.5292

Ann M. Sherman (P67762)
Bryan W. Beach (P69681)
Assistant Attorneys General
Attorney for Attorney General Nessel
P.O. Box 30212
Lansing, Michigan 48909
517.335.7659
shermana@michigan.gov
_____/


**ATTORNEY GENERAL DANA NESSEL'S BRIEF IN SUPPORT
OF MOTION TO INTERVENE**

## TABLE OF CONTENTS

<u>Page</u>

Table of Contents.........................................................................ii

Index of Authorities................................................................... iii

Concise Statement of Issues Presented.......................................v

I.    Michigan Attorney General Dana Nessel is entitled to
      intervene in this matter in order to adequately defend the
      challenged law, or alternatively, should be permitted to
      intervene. .........................................................................2

      A.    The Attorney General is entitled to intervene as of
            right under Rule 24(a). .............................................2

      B.    Alternatively, the Attorney General should be
            permitted to intervene under Rule 24(b). ...............5

Certificate of Service .................................................................7

# INDEX OF AUTHORITIES

Page

## Cases

*Attorney General v. Public Service Comm,*
  625 N.W.2d 16 (Mich. Ct. App. 2000) ...................................................4

*Chapter v. Perry,*
  115 F.3d 386 (6th Cir. 1997) ...................................................................4

*Jordan v. Michigan Conference of Teamsters Welfare Fund,*
  207 F.3d 854 (6th Cir. 2000) ...................................................................3

*Kelley v. C.R. Equipment Sales, Inc.,*
  898 F. Supp. 509 (W.D. Mich. 1995) ......................................................4

*Linton v. Commissioner of Health & Env't,*
  973 F.2d 1311 (6th Cir. 1992) .................................................................3

*Michigan ex rel. Kelley,*
  898 F. Supp at 513-14) ............................................................................5

*Michigan State AFL-CIO v. Miller,*
  103 F.3d 1240 (6th Cir. 1997) .................................................................2

*Providence Baptist Church v. Hillandale Comm, Ltd.,*
  425 F.3d 309 (6th Cir. 2005) ...................................................................1

*Purnell v. Akron,*
  925 F.2d 941 (6th Cir. 1991) ...................................................................1

*Stupak-Thrall v. Glickman,*
  226 F.3d 467 (6th Cir. 2000) ...................................................................1

## Statutes

Mich. Comp. Laws § 14.101 .........................................................................4

Mich. Comp. Laws § 14.28 ...........................................................................4

**Rules**

Fed. R. Civ. P. 24 ................................................................................6, 7

Fed. R. Civ. P. 24(a) .......................................................................1, 2, 6

Fed. R. Civ. P. 24(b)(3) ..........................................................................6

Fed. R. Civ. P. 24(b) .......................................................................1, 6, 7

**Constitutional Provisions**

Mich. Const. 1963, art. V, §§ 3, 21 ........................................................4

U.S. Const. art I, § 10 .............................................................................3

U.S. Const. art XI, § 8 .........................................................................2, 3

U.S. Const. article I, § 9 .........................................................................3

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether Michigan Attorney General Dana Nessel should be permitted to intervene in this matter in order to defend the constitutionality of article XI, § 8 of the Michigan Constitution.

## STANDARD OF REVIEW

Under Rule 24 of the Federal Rules of Civil Procedure, a non-party may move to intervene in a civil action. The rule provides for two types of intervention: 1) intervention of right, which requires that the Court allow a non-party to intervene, and 2) permissive intervention, which is granted at the Court's discretion. Fed. R. Civ. P. 24(a), (b). When possible, Rule 24 is to be construed broadly in favor of intervention. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (citing *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).  The decision whether to grant a motion to intervene lies within the discretion of the district court. *Providence Baptist Church v. Hillandale Comm, Ltd.*, 425 F.3d 309, 313 (6th Cir. 2005).

## ARGUMENT

I. **Michigan Attorney General Dana Nessel is entitled to intervene in this matter in order to adequately defend the challenged law, or alternatively, should be permitted to intervene.**

 A. **The Attorney General is entitled to intervene as of right under Rule 24(a).**

Fed. R. Civ. P. 24(a), regarding intervention as of right, provides:

On timely motion, the court must permit anyone to intervene who:

\* \* \*

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Four criteria must be met for intervention as a matter of right: (1) the application is timely; (2) the party must have a substantial legal interest in the case; (3) the party must demonstrate that its ability to protect that interest will be impaired in the absence of intervention; and (4) there must be inadequate representation of that interest by the current party. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). If any of these criteria are not satisfied, a motion to intervene must be denied. *Stupak-Thrall*, 226 F.3d at 471.

2

The Sixth Circuit has adopted a "rather expansive notion of the interest sufficient to invoke intervention." *Michigan State AFL-CIO*, 103 F.3d at 1245.  A proposed intervenor's burden in showing inadequate representation of its interests is minimal.  *Linton v. Commissioner of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992). Indeed, a showing of possible inadequate representation is sufficient to meet such burden. *Linton*, 973 F.2d at 1319.

The Sixth Circuit has adopted a three-part test to determine if the existing parties adequately represent the interests of a proposed intervenor.  *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). Under that test, a movant fails to meet her burden of demonstrating inadequate representation when (1) no collusion is shown between the existing party and the opposition; (2) the existing party does not have any interests adverse to the intervenor; and (3) the existing party has not failed in the fulfillment of its duty. *Jordan*, 207 F.3d at 863.

Each of these factors is met here.  This application is timely, as it is being filed just days after the filing of this lawsuit.  Moreover, the Attorney General, as the state's chief law enforcement officer, has a

duty to ensure that the laws of the State of Michigan are followed, and a duty to defend those laws, when those laws are valid and constitutional. Mich. Const. 1963, art. V, §§ 3, 21; Mich. Comp. Laws § 14.28.

Concomitant with those duties is the Attorney General's right under Michigan law to intervene in any matter to protect state interests. See Mich. Comp. Laws § 14.101. See *also Attorney General v. Public Service Comm*, 625 N.W.2d 16 (Mich. Ct. App. 2000). The Attorney General thus has a substantial legal interest in this matter relating to her duty to defend the constitutionality of a constitutional amendment on behalf of the State of Michigan—both now and continuing through an appeal if necessary.

The Sixth Circuit has recognized the Michigan Attorney General's broad authority and duty to represent the interests of the State, and to do so through litigation, whether by initiating action or through intervention. *Associated Builders & Contrs, Saginaw Valley Area Chapter v. Perry*, 115 F.3d 386, 390 (6th Cir. 1997) (quoting *Michigan ex rel. Kelley v. C.R. Equipment Sales, Inc.*, 898 F. Supp. 509, 513-14 (W.D. Mich. 1995)). And the Sixth Circuit has also recognized that a court

"should only prohibit the Attorney General from intervening or bringing an action when to do so 'is clearly inimical to the public interest.' " *Id.* (quoting *Michigan ex rel. Kelley,* 898 F. Supp at 513-14) (citations omitted). Finally, the Sixth Circuit has recognized that the Attorney General's "burden of demonstrating inadequacy of representation was minimal, not heavy," and held that the Attorney General had standing to intervene and appeal the question of preemption of a state statute. *Associated Builders*, 115 F.3d at 390.

The circumstances here support the Attorney General's intervention as of right. The Attorney General should thus be allowed to intervene as a matter of right in this case under Rule 24(a) to ensure that the State's interests are adequately presented via a full defense of the challenged statute.

### B. Alternatively, the Attorney General should be permitted to intervene under Rule 24(b).

Federal Rule of Civil Procedure 24(b), regarding permissive intervention, provides:

(1) In General. On timely motion, the court may permit anyone to intervene who:
* * *
(B) has a claim or defense that shares with the main action a common question of law or fact.

5

Under this Rule, the Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Should this Court determine that the Attorney General is not entitled to intervene as of right, she asks that this Court permit her to intervene under Rule 24(b). The Attorney General's defense of the statutes on appeal will not come as a surprise to Plaintiff, who has challenged a state law.  And this motion is timely filed.  Thus, Plaintiff cannot claim surprise or delay.  In short, Plaintiff would not be prejudiced by the intervention of the Attorney General for the purpose of defending state law. Accordingly, intervention should be granted under Rule 24(b).

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Michigan Attorney General Dana Nessel requests that this Court grant her Motion to Intervene pursuant to Fed. R. Civ. P. 24.  It is also requested that due to her late entry into the matter and recognizing time constraints, the Attorney General be permitted to file a brief in opposition no later than June 2, 2022 at 9:00 a.m.

Respectfully submitted,

*s/Bryan W. Beach*
Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for
P.O. Box 30212
Lansing, Michigan 48909
517.335.7659

Dated:  June 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System.

*s/Bryan W. Beach*
Bryan W. Beach (P69681)

7